IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOI NGOC NGHIEM | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| vs. | : | |
| | : | NO.    08-cv-4224 |
| | : | |
| JOHN KERESTES, et al. | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 1st day of April, 2009, upon careful and independent consideration of

the Petition for Writ of Habeas Corpus (Doc. No. 1), and after reviewing the Report and

Recommendation of United States Magistrate Judge Arnold C. Rapoport (Doc. No. 9) and the

Petitioner's Objections (Doc. No. 10), IT IS ORDERED that:

1.    Petitioner's Objections are OVERRULED;[1]

2.    The Report and Recommendation is APPROVED and ADOPTED;

3.    The Petition for Writ of Habeas Corpus is DISMISSED without an evidentiary

     hearing; and

4.    There is no basis for the issuance of a certificate of appealability, as Petitioner has

---

[1] Magistrate Judge Arnold C. Rapoport recommends that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus because the Petition is time barred.  The Court agrees with this recommendation.  Petitioner's objections do not dispute the untimeliness of his Petition under 28 U.S.C. § 2244(d).  Rather, Petitioner merely re-articulates all his claims and theories for relief, which were addressed and dismissed by Magistrate Judge Rapoport because Petitioner both filed his petition after the one-year limitations period and did not satisfy the standard for equitable tolling.  Thus, the Court will not engage in any additional review as it would be duplicative.  See Sanford v. Principi, No. 00-502, 2002 WL 32334396, at *1 (S.D. W. Va. Sept. 26, 2002) (stating that objections that fail to direct the district court to any specific error by the magistrate judge do not trigger *de novo* review because such objections "prevent[] the district court from focusing on disputed issues and thus render[] the initial referral to the magistrate judge useless"), aff'd, 60 F. App'x 473 (4th Cir. Apr. 1, 2003), cert. denied, 540 U.S. 1137 (2004).

not made a substantial showing that he was denied a constitutional right.[2]

BY THE COURT:


_/s/ Thomas M. Golden_____
THOMAS M. GOLDEN, J.

---

[2] Having denied Petitioner's Petition on procedural grounds—namely the running of the one-year statute of limitations and the inapplicability of equitable tolling—the Court finds that a certificate of appealability is not warranted because reasonable jurists would not find debatable whether Petitioner has stated a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).